**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVID KINGLEE,<br>                Appellant,<br><br>         v.<br><br>UNITED STATES POSTAL SERVICE,<br>                Agency. | DOCKET NUMBER<br>SF-0353-09-0520-X-1<br><br><br>DATE: August 21, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Frederick D. Brown, Sr., Los Angeles, California, for the appellant.

Jason D. Marsh, Esquire, Long Beach, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      This compliance proceeding was initiated by the petitioner's petition for enforcement of the Board's December 28, 2010 final decision.  On August 5, 2011, the administrative judge issued a recommended decision that the Board find, under the Board's regulations in effect at that time, the agency in partial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

compliance with the final decision, and the matter was referred to the Board for consideration.[2] *See* 5 C.F.R. § 1201.183 (Jan. 1, 2012).

¶2      After the issuance of the administrative judge's recommended decision, the agency submitted evidence showing full compliance with the Board's order.  The agency's response shows that the agency restored all annual and sick leave due to the petitioner and provides a detailed explanation of how the annual and sick leave totals were calculated.  Compliance Referral File (CRF), Tab 4 at 4-6, Tab 9 at 35-36.

¶3      Additionally, we find that the agency's response, which provided an explanation of the agency's advanced leave system, rebuts the petitioner's contention that his leave was actually reduced.  CRF, Tab 4 at 5-6.  In this system, the agency advances at the beginning of the year all anticipated earned leave for the year to an employee.  *Id.*  If an employee does not work a particular pay period during the year, the total amount of leave is reduced by the amount of leave he would have earned for that pay period.  *Id.*  Thus, because the petitioner did not originally work during the periods in question, his leave totals were reduced.  CRF, Tab 8 at 14-21.  However, the agency restored his leave totals to the proper amount when it retroactively restored his employment.  CRF, Tab 9 at 35-36.

¶4      Accordingly, the Board finds that the agency is in compliance and DISMISSES the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(b) (5 C.F.R. § 1201.183(b)).

---

[2] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012.  We note, however, that the petition for enforcement in this case was filed before that date.  The revisions to 5 C.F.R. § 1201.183 do not affect our consideration of the merits of this compliance proceeding.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.